IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SAHEED YUSUF, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | MEMORANDUM DECISION AND ORDER DENYING 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE <br><br> Case No. 2:23-cv-00218-RJS <br><br> Chief Judge Robert J. Shelby |

Now before the court is Petitioner Saheed Yusuf's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence[1] and the United States' Response.[2] For the reasons explained below, the Motion is DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

In February 2022, Yusuf pled guilty to one count of Conspiracy to Commit Bank Fraud, three counts of Wire Fraud, and one count of Money Laundering Conspiracy.[3] As part of the Plea Agreement, Yusuf agreed to pay restitution "joint and several with any codefendants" in the amount of $2,195,142.35.[4] He also agreed "to forfeit all property" and "consent[ed] to an entry of a money judgment against [him] in the amount of $2,195,142.35."[5] In his Plea Agreement, Yusuf waived his right to challenge his sentence, "including but not limited to a motion brought

---

[1] Dkt. 1, *Motion*.

[2] Dkt. 4, *Response*.

[3] *See* Statement in Advance of Plea at 1–2, *United States v. Yusuf*, No. 2:18-cr-00281-RJS-1 (D. Utah Feb. 11, 2022), Dkt. 164 (*Plea Agreement*).

[4] *Id.* at 8.

[5] *Id.*

1

under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel."[6]  This court sentenced Yusuf to 102 months in prison.[7]

On April 4, 2023, Yusuf filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence.[8]  In it, he contends the court's ordered forfeiture and restitution are impermissible because they impose joint and several liability in violation of the Supreme Court's decision in *Honeycutt v. United States*.[9]  The United States responded to his Motion on November 7, 2023.[10]

## LEGAL STANDARDS

Under 28 U.S.C. § 2255, a prisoner in federal custody who is "claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."[11]  The petitioner must show (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack."[12]

Yusuf is proceeding pro se, so the court will construe his Motion liberally.[13]  But his pro se status does not excuse him from the fundamental requirements of the Federal Rules of Civil Procedure.[14]  And it is not "the proper function of the district court to assume the role of

---

[6] *Id.* at 7.

[7] Judgment, *United States v. Yusuf*, No. 2:18-cr-00281-RJS-1 (D. Utah June 7, 2022), Dkt. 185.

[8] *Motion*.

[9] *Id.*

[10] *Response*.

[11] 28 U.S.C. § 2255(a).

[12] *Id.*

[13] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[14] *See id.*

advocate for the pro se litigant" or to salvage his claims.[15]

## ANALYSIS

Yusuf is not entitled to relief for three procedural reasons: (1) forfeiture and restitution orders cannot be challenged via a § 2255 motion; (2) Yusuf knowingly waived his right to challenge his sentence in his Plea Agreement; and (3) Yusuf's challenge is procedurally barred because he did not raise it in a direct appeal. Because his § 2255 challenge is procedurally barred, the court does not address the merits of his legal argument.

First, the Tenth Circuit has consistently held that the plain language of 28 U.S.C. § 2255 clearly demonstrates it is only available when the petitioner is "claiming the right to be released"[16] from custody based on his claim.[17] Here, Yusuf asks the court "to [vacate] the [O]rder to pay $2,195,142.35 and call another hearing."[18] Nowhere in his Motion does he claim the right to be released.[19] Therefore, his challenges to restitution and forfeiture cannot be considered in § 2255 proceedings.[20]

Second, Yusuf expressly, knowingly, and voluntarily waived the right to challenge his sentence. "[A] waiver of collateral attack rights brought under § 2255 is generally enforceable

---

[15] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[16] 28 U.S.C. § 2255(a) ("A prisoner in custody . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

[17] *See United States v. Ray*, No. 21-1376, 2022 WL 2064680, at *3 (10th Cir. June 8, 2022) (citing *United States v. Satterfield*, 218 F. App'x, 794, 795 (10th Cir. 2007)).

[18] *Motion* at 2.

[19] *See generally Motion*.

[20] *United States v. Swallow*, 35 F. App'x. 804, 804 (10th Cir. 2002) ("[A]ll of the circuits that have addressed the issue agree that challenges to restitution may not be considered in § 2255 proceedings.") (citing *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999)); *Erlandson v. Northglenn Mun. Ct.*, 528 F.3d 785, 788 (10th Cir. 2008) ("[T]he payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas statutes.") (internal quotation marks and citations omitted); *United States v. Simpson*, 32 F. App'x. 507, 509 (10th Cir. 2002) ("[A] petition for remission of forfeited property . . . does not relate to guilt, innocence, or sentencing and therefore is irrelevant to his § 2255 motion."); *United States v. Finze*, 428 F. App'x. 672, 677 (9th Cir. 2011) ("Finze's forfeiture claim is not a cognizable § 2255 claim, because it does not seek release from custody.").

where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."[21]  A waiver is not enforceable if the court "relied on an impermissible factor such as race" in sentencing or if "the agreement is otherwise unlawful."[22]  Additionally, "a claim of ineffective assistance of counsel brought pursuant to § 2255 survives such a waiver where it challenges the validity of the plea or the waiver."[23]

In his Plea Agreement, Yusuf "knowingly, voluntarily, and expressly" waived his right to challenge his sentence, "including but not limited to a motion brought under 28 U.S.C. § 2255."[24]  At the change-of-plea hearing, the court carefully confirmed Yusuf's understanding of his plea, which included "giving up [his] right to collaterally or indirectly attack [his] sentence."[25]  As a result, the court determined Yusuf's plea was knowing and voluntary.[26]  Yusuf does not argue his plea or waiver was involuntary, invalid, or unlawful.[27]  Accordingly, Yusuf expressly, knowingly, and voluntarily waived his right to challenge his sentence through a §2255 motion, and he is not entitled to relief.

Third, Yusuf's challenge is procedurally barred because he failed to raise it first in a direct appeal.  "Ordinarily, failure to raise an issue either at trial or on direct appeal imposes a

---

[21] *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

[22] *Id.* at 1182.

[23] *Id.* at 1191.

[24] *Plea Agreement* at 7.

[25] Official Transcript of Change of Plea held on February 2, 2022 at 23:11–23:15, *United States v. Yusuf*, No. 2:18-cr-00281-RJS-1 (D. Utah Mar. 7, 2022), Dkt. 166.  The court confirmed Yusuf understood he was agreeing to pay restitution of $2,195,142.35 joint and several with any codefendants. *Id.* at 24:3–24:16.  Finally, the court confirmed Yusuf understood he was agreeing to forfeiture and was "waiving essentially any challenge that [he] could make to forfeiture." *Id.* at 26:17–27:13.

[26] February 11, 2022 Minute Entry, *United States v. Yusuf*, No. 2:18-cr-00281-RJS-1 (D. Utah Feb. 11, 2022), Dkt. 162.

[27] *See generally Motion*.

procedural bar to habeas review."[28]  A petitioner can avoid procedural bar if he can show: (1) "both good cause for failing to raise the issue earlier, and that the court's failure to consider the claim would result in actual prejudice to his defense;" or (2) "failure to consider the federal claims will result in a fundamental miscarriage of justice."[29]  However, Yusuf does not argue for the applicability of either of these exceptions, even when liberally construed.

## CONCLUSION

For the reasons stated above, Yusuf has not shown he is entitled to relief, and his Motion[30] is DENIED.  The Clerk of Court is directed to close the case.

SO ORDERED this 27th day of December 2023.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[28] *United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)).

[29] *United States v. Angelos*, 417 F. App'x. 786, 800 (10th Cir. 2011) (quoting *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004)).

[30] Dkt. 1.